Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

| IN RE: | CASE NO. 3:15-bk-30498 |
|---|---|
| BERNARD WEBB and JUDY WEBB, | CHAPTER 13 |
| | A.P. No. 3:16-ap-3013 |
| Debtors. | |
| | JUDGE FRANK W. VOLK |

## MEMORANDUM OPINION AND ORDER

Pending are the motions to dismiss and to stay filed by City National Bank of West Virginia ("City National"), respectively on October 17, 2016, and January 26, 2017 [Dckt. 5 and 10].[1]

City National requests that this adversary proceeding be stayed pending, *inter alia*, the outcome of *Bernard Webb and Judy Webb v. City National Bank of West Virginia, N.A.,* No. 16-0660 ["State Court Civil Action"], an appellate proceeding before the Supreme Court of Appeals of West Virginia. On June 28, 2016, the presiding judge in the State Court Civil Action enforced a settlement agreement between the parties. Mr. and Mrs. Webb appealed that decision to the Supreme Court of Appeals of West Virginia. The appeal is fully briefed. The Webbs contend that, irrespective of the outcome on appeal, "the adversary complaint will be largely unaffected." (Resp. to Mot. to Stay at 10). During the hearing held January 26, 2017, however, counsel for Mr. and Mrs. Webb asserted the scheduled confirmation hearing was premature, *inter alia*, due to the pending appeal.

---

[1] During the January 26, 2017, hearing in this matter, counsel for City National argued, "The motion to dismiss was filed, we're talking about, basically about a year ago. It's been some time your honor." (Trans. 3:24 to 3:37). Counsel was mistaken.

Apart from Federal Rule of Civil Procedure 26, made applicable herein by Federal Rule of Bankruptcy Procedure 7026, the Court enjoys discretionary authority to stay an action based upon its inherent power to control the docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A stay, however, requires a balancing of "various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir.1977)). Those factors include judicial economy, the hardship and inequity to the moving party absent a stay, and the potential prejudice to the nonmovant. *See, e.g., White v. Ally Fin., Inc.*, 969 F. Supp.2d 451, 462 (S.D. W.Va. 2013). The movant is obliged to "justify [a stay] by clear and convincing circumstances outweighing potential harm" to the nonmovant. *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124 (4th Cir. 1983).

Disposition of the appeal will doubtless inform the proper disposition of at least some portion of the adversary proceeding. The Court does not understand Mr. and Mrs. Webb to disagree with that observation. A brief stay awaiting the appellate decision thus serves judicial economy and avoids the hardship imposed on City National by having to defend the adversary proceeding with a substantial lingering question extant. Additionally, there is little in the way of potential prejudice to Mr. and Mrs. Webb, whose litigation position may be considerably strengthened by a favorable appellate outcome.

Based upon the foregoing discussion, it is, accordingly, **ORDERED** as follows in this matter**:**

1. That the motion to stay this adversary proceeding be, and hereby is, **GRANTED**, pending the further order of the court and with counsel directed to move to resuscitate the case when the proceedings on appeal are final; and

2. That the motion to dismiss be, and hereby is, **DENIED WITHOUT PREJUDICE** to its refiling within 10 days after the stay is lifted.